## JONES *v.* GOFFSTOWN.

County commissioners are expressly authorized by statute to determine finally the question of the competency of evidence submitted to them in road hearings.

They have, from necessity, full power and authority to regulate their own proceedings, and to determine the order and course of business before themselves.

Jones v. Goffstown.

A full hearing, upon the merits, of all parties interested and desiring to be heard, is essential to the validity of legal proceedings; and if county commissioners were to refuse such hearing before them it might furnish good cause for rejecting or recommitting their reports.

PETITION for a new highway in Goffstown. It was duly presented to the court and referred to the commissioners at the April term, 1859, of the Court of Common Pleas; due notice was given for a hearing of all persons and parties interested, who might wish to be heard before the commissioners, and their report, laying out the highway, was duly filed at the September term, 1859, of the Supreme Judicial Court, when the town excepted to its acceptance, "because the county commissioners did not have a full hearing of all persons and parties interested, and who desired to be heard in regard to the merits of the case, and whether the public good required the laying out of the same."

It appeared by the evidence furnished by the town that there was the testimony of a witness offered by them, and whose testimony the town believed to be material, but the commissioners refused to allow him to be sworn, on the alleged ground that the evidence was closed on the preceding day, though this was not so understood by the selectmen. It also appeared that on the second day of the hearing the commissioners publicly stated that they would hear any persons who might wish to speak upon the propriety of laying out the road, no attorney being present either for the petitioners or the town; but on the last day of the hearing they declined to hear anything from any one except the selectmen, the land-holders, and the petitioners, and they would hear them only upon the question of land damages. It also appeared that George Poor, Enoch P. Sargent and Calvin Wyman, residents of Goffstown, and tax-payers in said town, requested to be heard, but the commissioners declined to hear them.

The court overruled the exception and ordered the

. acceptance of the report, to which ruling the town excepted and filed this bill of exceptions.

*Cross & Topliff*, for the petitioners.

*Morrison & Stanley*, for Goffstown.

FOWLER, J.   By the provisions of the act of June 26, 1858, [Laws of 1858, ch. 2119, sec. 1,] county commissioners are expressly authorized to admit or reject any evidence deemed by them competent, when offered before them, and their decision in the premises is made absolutely final and conclusive.

In the present case, the proceedings were commenced and the hearing had under the provisions of this statute, and there would seem, therefore, to be no occasion to discuss the authority of the commissioners to reject the testimony of the witness offered by the town.  But, aside from the provisions of the statute, it seems to us quite apparent that the county commissioners, sitting as a judicial tribunal, must of necessity possess the power and authority to regulate their own proceedings, and to determine the order and course of business before them.  They must know and decide when the evidence in relation to any matter pending before them has been closed; otherwise they could never accomplish any result.  After the evidence upon any particular question had been closed, it was entirely proper for them to refuse to open it again. *Sanford Manf. Co.* v. *Wiggin*, 14 N. H. 441.

It is further objected, that the commissioners, on the third day of the hearing, declined to hear three citizens of Goffstown, who desired to be heard before them.  It is not stated, but we think it is fairly to be inferred from the case, that these persons desired to be heard on the question of the propriety of laying out the proposed road. We think it is also fairly to be inferred from the case, that the question of laying out had previously

been determined by the commissioners, since it is stated as an aggravation of the alleged error of the commissioners, that they had, the day before, made public proclamation that they would hear any person who might wish to speak upon that subject, but, on the last day, declined to hear any one but the petitioners, selectmen and land-owners, and those only upon the question of land damages. Now, it is impossible to explain why this course should have been pursued, unless, as we have suggested, the commissioners had in the mean time already decided the question of the propriety of laying out the road. If, on one day, they openly proclaimed their willingness to hear every one on a particular subject, and the next day limited the hearing to a question subordinate to and dependent upon the decision in a particular way of the question involved in the previous matter of discussion, the conclusion is unavoidable that the latter question must have been already determined in that particular way.

We think, therefore, it must be understood, from the case stated in the bill of exceptions, that the commissioners regarded the propriety of laying out the road as already settled, when upon the third day they declined to hear the three citizens of Goffstown, and that they declined to hear them upon that question alone. If so, the conduct of the commissioners was not only unobjectionable, but commendable, since it would not only have been useless, but wholly unjustifiable, for them to have heard those citizens upon a matter which had already been adjudicated.

It has been suggested, in argument, that, by the terms of their commission, the commissioners were bound to give an opportunity to be heard to all persons and parties interested, who desired to be heard in regard to the merits of the case. This was undoubtedly so within reasonable limits, and we think the case furnishes conclusive evidence that the requirements of the commission

Jones *v.* Goffstown.

were complied with; for it finds that on the second day of the hearing public proclamation of a willingness to hear any and every one upon the merits of the question, was made. The commissioners must exercise their discretion in directing the course of proceedings before them, and are not bound to keep the hearing open an unreasonable length of time. After they had given a reasonable opportunity for all to be heard—and of this reasonableness they must judge—and especially after they had come to a conclusion in their own minds upon the main question submitted to them, they had a perfect right to consider the argument and discussion closed; otherwise, the hearing might, for all practical purposes, have been interminable.

Were there anything in the case stated going to indicate that the commissioners designedly conducted improperly, or did not give to the parties interested a fair opportunity of presenting before them their evidence and arguments, we should be disposed to set aside or recommit their report, since a full hearing, upon the merits, of all parties interested and desiring to be heard, lies at the very foundation of all valid legal proceedings. The legislature have carefully guarded the rights of the town and its citizens, in providing for ample notice to its constituted authorities, not only of all applications for the establishment of roads, but of all the proceedings thereon; and it is the duty of the court to see that the law is carried out in its spirit as well as in its letter. But we are wholly unable to discover any such impropriety of conduct, or any violation of the rights of the town, or its citizens, by the commissioners, in the proceedings now before us for consideration, conceding the facts to be correctly set forth in the bill of exceptions.

The exceptions must, therefore, be overruled, and the judgment of the court below affirmed.